STATE OF VERMONT

ENVIRONMENTAL COURT

| | } | |
|---|---|---|
| Appeal of McLaughlin | } | Docket No. 162-9-04 |
| | Vtec | |
| | } | |
| | } | |

<u>Decision and Order on Appellant's Motion for Summary Judgment on Question 3</u>

Appellant Jocelyn McLaughlin appealed from an on-the-record decision of the Development Review Board (DRB) of the Town of Castleton, granting approval to Appellee-Applicants Edward and Barbara Keough for an addition to a nonconforming building. Appellant is represented by William H. Meub, Esq.; Appellee-Applicants are represented by Christopher H. Howe, Esq.; Interested Party Cornell Dawson represents himself; and the Town is represented by Theodore A. Parisi, Jr., Esq.

On March 11, 2005, the Court denied Appellant's Motion for Summary Judgment on Question 1 of the Statement of Questions, and asked the parties to file in writing whether any party would be ordering a transcript (V.R.E.C.P. 5(h)); their agreed or each party's proposed briefing schedule on the merits; and whether any additional motions were expected to be filed on the issue of the adequacy of the DRBs decision (a copy of which

had just been provided to the Court in the record filed by the Town on March 8, 2005).

With its order, the Court provided the parties with copies of the Supreme Court's decision in Appeal of Leikert, Docket No. 2004-213 (Vt. Supreme Ct., Nov 10, 2004) (three-justice panel). As a decision issued by a three-justice panel, that decision has no precedential effect, but its reasoning is pertinent to this case.

The Court's March 11, 2005 order crossed in the mail with Attorney Meub's March 14, 2005 supplement to his earlier motion for summary judgment to argue both the inadequacy of the record and also the inadequacy of the DRB's decision when analyzed with reference to the analysis performed in the Leikert decision. Appellee-Applicants filed their response on March 24, 2005, stating that they were "foregoing any further filings, unless directed by the Court," and requesting dismissal of the Appeal. The Town did not address the argument as to the inadequacy of the DRB's decision.

The DRB decision is wholly inadequate, both under the reasoning in Leikert and in light of the statutory requirement for a municipal panel to make findings in rendering its decision. 24 V.S.A. §4464(b)(1); and see former §4470(a).

First, after merely stating the location, zoning district, and ownership of the parcel, the "Findings of Fact" section of the DRB decision reads in full as follows:

The 25 ft. x 22 ft. 4 in. addition would be centered on the existing building; the 25 ft. dimension would be perpendicular to the road and the 22 ft. 4 in. dimension would run along the ridgeline, thereby eliminating the looming over the vacant lot cited in the Environmental Court[1] findings.

Nothing in the DRB's findings describes the nonconformity of the existing house or lot, the design or height of the proposed addition in relation to the existing house, the size of the existing house, the distance of the addition or the existing house from neighboring property lines or buildings, or any other relevant facts. No findings at all address the effect (or absence of effect) of the proposal on the neighboring properties or on traffic in the vicinity. No photographic evidence appears to have been taken at the DRB hearing and the DRB made no findings from its members' observations at the site visit.

The DRB decision contains no explanation at all of "how [the] board's decision was reached based on the evidence submitted." Leikert, slip op. at 2.. The complete "Conclusions of Law" section of the decision reads in full as follows:

Based upon the above findings, the Development Review Board finds that this application meets the requirements of the Castleton Zoning Ordinance, Section 400.1.

The record supplied by the Town did not include a copy of the Zoning Ordinance applicable to this appeal; however, from a copy of the Zoning Ordinance last amended in

1997 (from a closed file) it appears that as of that date §400.1 required approval of an enlargement or alteration of a nonconforming building to be based on the following three standards: no adverse effect on traffic in the vicinity; no adverse effect upon surrounding property; and that the increase represents not more than 50% of the total ground area covered by the building.

Regardless of whether these or amended standards are found in §400.1 of the current Zoning Ordinance, the DRB decision gives no explanation of how the evidence related to the Zoning Ordinance's standards, what findings were made from that evidence by the DRB, or how the DRB concluded that the standards in the Zoning Ordinance were met. For this reason, the decision of the DRB must be vacated and the matter remanded. In its proceedings on remand, it is for the DRB to determine whether it needs to take additional evidence or hold any additional hearing, or merely to issue a new decision, with adequate findings and conclusions, based on the evidence in the record.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant's Motion for Summary Judgment on Question 3 of the Statement of Questions is GRANTED, and the matter is hereby REMANDED to the DRB, concluding this appeal.

Any future appeal of any future decision of the DRB in this matter will require a new notice of appeal and will receive a new docket number; the Court will consider any requests for waiver of the filing fee in such appeal at the time that it is made. Please make reference to this docket number in any such motion.

Done at Berlin, Vermont, this 25th day of March, 2005.

_____

Merideth Wright

Environmental Judge

---

[1]   In an earlier appeal that was de novo and not on the record, the Court had heard evidence, taken a site visit, and denied the application for a different addition at issue in that appeal, specifically without prejudice to the applicants' submittal of a revised application to the DRB.